### 17112. Singer Sewing Machine Co. v. Tidwell & Co.

Stephens, J. 1. Where a written contract, by the terms of which personal property delivered by the owner to a person as a bailment for hire is rented to the bailee upon payment of a stipulated amount at certain regular periods as "rental" for the property until a certain gross sum has been paid, provides that the bailee may, at any time before the expiration of the period of rental, become the purchaser of the property upon the payment of the aggregate rental value, upon which payment he shall receive credit, as part of the purchase-money, for the payments previously made as rental under the terms of the contract, the contract constitutes a conditional sale of the property, and should be recorded as provided in section 3319 of the Civil Code (1910), in order to constitute constructive notice of the contract to one who afterwards acquires a lien on the property.

2. Where in such case the property was levied on under an execution against the bailee, and the bailor filed a claim of title thereto, and in support of the claim introduced in evidence the contract described above, which had not been recorded, a verdict finding the property sub-

Sales, 35 Cyc. p. 657, n. 62; p. 682, n. 15.

ject to the execution was, as a matter of law, demanded. The judgment in the justice's court in favor of the claimant was without evidence to support it, and the judge of the superior court did not err in sustaining the certiorari brought by the plaintiff in execution, and in rendering a final judgment finding the property subject to the execution.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED MARCH 2, 1927.

Certiorari; from Meriwether superior court—Judge Roop. December 31, 1925.

*J. F. Hatchett, R. A. McGraw,* for plaintiff in error.